```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
                                           :
CRISTIAN JOEL PRIETO ROJAS,                :
                                           :
                    Petitioner,            :
                                           :         26cv4947 (DLC)
       -v-                                 :
                                           :              ORDER
KENNETH GENALO, in his official            :
capacity as Field Office Director,         :
New York Field Office, U.S.                :
Immigration and Customs Enforcement;       :
TODD BLANCHE, in his official              :
capacity as Acting Attorney General        :
of the United States; DAVID                :
VENTURELLA, in his official capacity       :
as Acting Director, U.S. Immigration       :
and Customs Enforcement; MARKWAYNE         :
MULLIN, in his official capacity as        :
Secretary of the Department of             :
Homeland Security; and PAUL ARTETA,        :
in his official capacity as Warden of      :
Orange County Correctional Facility,       :
                                           :
                    Respondents.           :
                                           :
------------------------------------------ X
```

DENISE COTE, District Judge:

On June 11, 2026, Cristian Joel Prieto Rojas ("Petitioner") petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The Petitioner filed an amended petition on June 16, and the petition became fully briefed on July 7.

Petitioner is a citizen of Ecuador who entered the United States without inspection in 2006.  On January 14, 2026, he was arrested by ICE pursuant to a I-200 warrant issued in November 2025.  Petitioner has been detained under ICE custody since

then.   On April 27, an Immigration Judge ("IJ") denied Petitioner's application for relief from removal, and his appeal of that denial remains pending.   During a May 27 hearing, Petitioner sought release on bond under § 236(a) of the Immigration and Nationality Act ("INA").   The IJ denied bond, finding Petitioner to be a flight risk, and Petitioner did not appeal this bond denial within 30 days, by June 26.   On June 12, following the Second Circuit's decision in Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026), ICE conducted an individualized custody determination pursuant to 8 U.S.C. § 1226(a) and determined that Petitioner would remain in custody after finding that his criminal history made him a danger to the community.

In his June 16 habeas petition, Petitioner claims that the IJ violated his due process rights by conducting "a flight-risk determination grounded in speculation and hypothetical future events rather than present evidence."   He also contends that the IJ did not "meaningfully account for Petitioner's individualized circumstances as required under § 1226(a)."   Lastly, he claims that the IJ failed to "meaningfully consider less restrictive alternatives to detention."   He seeks immediate release, a new bond hearing within seven days, and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

2

This Court does not have jurisdiction to hear the petition. The INA provides: "No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond." 8 U.S.C. § 1226(e). Federal regulations also establish that the BIA is the sole forum for an appeal from an IJ's bond denial. See 8 C.F.R. §§ 1003.19(f), 1003.38, 1236.1(d)(3). It is undisputed that Petitioner has not filed such an appeal prior to the June 26, 2026 deadline communicated by the IJ, or to date.

It is true that, even though this Court does not have jurisdiction to hear challenges to "discretionary judgments by the Attorney General," it does have jurisdiction to hear "constitutional challenge[s] to the legislation authorizing [Petitioner's] detention without bail." Demore v. Kim, 538 U.S. 510, 516-17 (2003) (citation omitted); see also Jennings v. Rodriguez, 583 U.S. 281, 295 (2018) (concluding the same). But, as the Second Circuit has explained:

> An assertion that an IJ . . . misread,
> misunderstood, or misapplied the law in
> weighing factors relevant to the grant or
> denial of discretionary relief does not
> convert what is essentially an argument that
> an IJ . . . abused their discretion into a
> legal question.

Guyadin v. Gonzales, 449 F.3d 465, 468 (2d Cir. 2006). Here, Petitioner only challenges the IJ's discretionary evaluation of

3

the evidence and determination that he poses a flight risk,
matters over which this Court has no jurisdiction to review.
See id.  Accordingly, it is hereby

ORDERED that Petitioner's June 16, 2026 amended petition
for habeas corpus is dismissed.  The Clerk of Court is directed
to close the case.

Dated:      New York, New York
            July 10, 2026

                                   _____
                                          DENISE COTE
                                   United States District Judge